# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **KENNETH LEE BAKER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. Pending |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| **CITY OF COLUMBIA, CITY** ) | |
| **OF COLUMBIA OFFICERS,** ) | |
| **BRANDON CRITES** ) | |
| **MATTHEW HIBLER, and** ) | |
| **ROB SANDERS,** ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

COMES NOW Plaintiff, Kenneth Lee Baker, by and through counsel, Ron Netemeyer, and for his causes of action states that:

### FACTS

1. On August 15, 2011 Kenneth Lee Baker was arrested by the Columbia Police Department.

2. In the course of his arrest, the arresting officers utilized a mace or pepper spray.

3. As a result of the use of mace or pepper spray, Plaintiff was caused to have mace or pepper spray in his eyes which caused him a great deal of pain, burning and watering eyes and temporary blindness.

4. Plaintiff was placed in a patrol car and transported from his home to the Columbia Police Department.

5. After arriving at the Columbia Police Department, Plaintiff was confined in a holding cell.

6. The holding cell had no running water.

7. Plaintiff's eyes continued to suffer from pain, burning and watering eyes and temporary blindness as a result of the mace or pepper spray and Plaintiff requested officers provide him with water so he could clear his eyes.

8. The City of Columbia Defendant Officers knew that Plaintiff was unarmed and confined by himself inside of the holding cell.

9. Plaintiff presented no danger to himself, the City of Columbia Defendant Officers or to others.

10. While Plaintiff was in an obvious defenseless and nonaggressive position, and being obviously blinded by the mace or pepper spray, three City of Columbia Defendant Officers entered the holding cell and caused serious and permanent physical injury to Plaintiff.

11. The City of Columbia Defendant Officers entered without warning and without giving verbal instruction or commands to Plaintiff.

12. Plaintiff, while blinded and defenseless, was violently shoved into a concrete wall.

13. Plaintiff suffered injury to the back of his head and a fractured spine, causing a permanent fifty percent compression to his vertebrae at the twelfth thoracic region.

14. On or about August 15, 2011, while in the City of Columbia Police Department holding cell, Plaintiff did not obstruct justice, resist arrest and/or batter and/or assault the City of Columbia Defendant Officers.

15. The show of force initiated by and/or the failure to intervene in the use of said force by the City of Columbia Defendant Officers caused an unreasonable injury to Plaintiff.

16. On or about August 15, 2011, the City of Columbia Defendant Officers, Rob Sanders, Brandon Crites and Matthew Hibler, were on duty at all times relevant to this complaint and were duly appointed police officers for the City of Columbia.

17. The City of Columbia Defendant Officers, Rob Sanders, Brandon Crites and Matthew Hibler engaged in the conduct complained of, on said date, in the course and scope of their employment and while on duty.

18. Upon information and belief, Officer Rob Sanders was the officer that came into physical contact with Plaintiff, shoving Plaintiff while he was confined inside of the holding cell.

## JURISDICTION AND VENUE

19. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 USC 1983; the Judicial Code, 28 USC 1331 and 1343 (a); The Constitution of the United States; and this Court's supplementary jurisdiction powers.

20. This Court has jurisdiction pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1331. Plaintiff's claims for relief are cognizable under 42 U.S.C. §§1983 and 1988, and under Missouri state law. Plaintiff invokes the supplemental jurisdiction of the Court to hear and decide their claims arising under Missouri state law.

21. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because the Defendants are located, and all incidents giving rise to this suit occurred, in this judicial district.

## PARTIES

22. Plaintiff is a resident of the State of Missouri and of the United States.

23. The City of Columbia Defendant Officers were at all times relevant hereto employed by and acting on behalf of the City of Columbia Police Department.

24. Defendant City of Columbia, Missouri is a municipal corporation organized and existing pursuant to Missouri law. The City of Columbia is in Boone County, Missouri, which is within the Western District of Missouri. The City acted by and through its policymakers, agents, and employees and acted under color of law in all respects set forth herein.

25. Defendant Brandon Crites was a police officer employed by the City of Columbia who acted under color of law. Defendant Brandon Crites is sued in his individual capacity.

26. Defendant Matthew Hibler was a police officer employed by the City of Columbia who acted under color of law. Defendant Matthew Hibler is sued in his individual capacity.

27. Defendant Rob Sanders was a police officer employed by the City of Columbia who acted under color of law. Defendant Rob Sanders is sued in his individual capacity.

## CAUSES OF ACTION

### COUNT I

### EXCESSIVE USE OF FORCE AGAINST KENNETH LEE BAKER BY DEFENDANTS IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
### 42 U.S.C. §1983

28. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 27 as though fully set forth herein.

29. The physical force used by Officer Sanders against Plaintiff was unreasonable and excessive.

30. The acts of Defendant Rob Sanders shoving Mr. Baker, as afore described, were committed without just cause or provocation.

31. Mr. Baker was unable to defend himself and did not attempt to defend himself from the physical contact of Defendant Sanders.

32. Defendants each had the opportunity to intervene and to stop the unlawful conduct of each other and of other officers but failed to do so.

33. Defendants caused the violations of Plaintiff's constitutional rights by their acts, direct and indirect, and by their omissions. Defendants are jointly and severally liable for Plaintiff's damages.

34. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered injury and damages.

35. The acts, conduct, omissions, and failures to act by Defendants showed reckless and/or callous disregard to Plaintiff's constitutional rights. Their conduct warrants an award of punitive damages to punish them and to deter them and others from acting in a like manner in the future.

36. If Plaintiff prevails, he is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages, for punitive damages and for attorney's fees and the costs of litigation, and for other relief as is appropriate under the law.

## COUNT II

### PLAINTIFF'S CAUSE OF ACTION AGAINST THE CITY OF COLUMBIA, MISSOURI IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION 42 U.S.C. §1983

37. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 36 as though fully set forth herein.

38. Prior to August 15, 2011, the City of Columbia, Missouri developed and maintained customs exhibiting deliberate indifference to the constitutional rights of persons in Columbia, Missouri, which caused multiple violations of the constitutional rights of Plaintiff.

39. **Unconstitutional Custom and Practice – Holding Cell Procedure**. It was the policy and custom of the City of Columbia, Missouri to chain all persons to the holding cell floor.

40. It was the policy and custom of the City of Columbia, Missouri to deprive citizens who had been subjected to mace or pepper spray access to water while in the holding cell.

41. **Failure to Train – Holding Cell Tactics**. Further, the City of Columbia, Missouri has failed to effectively train, supervise, discipline, and control the people it employs as police officers regarding appropriate holding cell tactics against citizens.

42. **Unconstitutional Custom and Practice – Use of Force.** Further, it was the policy and custom of the City of Columbia to inadequately and improperly investigate citizen complaints of inappropriate and excessive police use of force against citizens, and acts of excessive use of force were tolerated by the City of Columbia.

43. **Failure to Train – Use of Force.** Further, the City of Columbia, Missouri has failed to effectively train, supervise, discipline, and control the people it employs as police officers regarding the appropriate use of force against citizens.

44. **Failure to Train – Citizen Detention.** Further, the City of Columbia, Missouri has failed to effectively train, supervise,

discipline, and control the people it employs as police officers regarding the appropriate detention, holding, or confinement of citizens.

45. **Failure to Train – Medical.** Further, the City of Columbia, Missouri has failed to effectively train, supervise, discipline, and control the people it employs as police officers regarding providing timely medical attention to citizens known to be injured in its holding cells.

46. Therefore, the City of Columbia, Missouri's policies and customs and failures to effectively train supervise, discipline, and control the people it employs as police officers led to the deprivation of Kenneth Lee Baker's constitutional rights.

47. If Plaintiff prevails, he is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays judgment against Defendant City of Columbia, Missouri for compensatory damages and for attorney's fees and the costs of litigation, and for other relief as is appropriate under the law.

## COUNT III

### ASSAULT AND BATTERY OF KENNETH LEE BAKER BY DEFENDANT ROB SANDERS UNDER STATE LAW

48. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 47 as though fully set forth herein.

49. The act of Defendant Sanders shoving Mr. Baker into a concrete wall, as afore described, was committed without just cause or provocation, and with the intent to cause Mr. Baker offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constitute an intentional assault and battery against Mr. Baker.

50. As a direct and proximate result of the acts of Defendant Sanders, as afore described, Mr. Baker suffered damages.

51. The acts, conduct, omissions, and failures to act by Defendant showed reckless and/or callous disregard to Mr. Baker. His conduct warrants an award of punitive damages to punish him and to deter him and others from acting in a like manner in the future.

WHEREFORE, Plaintiff prays judgment against Defendant Rob Sanders for compensatory damages, for punitive damages and the costs of litigation, and for other relief as is appropriate under the law.

### COUNT IV

### FAILURE TO PROVIDE MEDICAL SERVICE TO KENNETH LEE BAKER BY DEFENDANTS IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION 42 U.S.C. §1983

52. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 51 as though fully set forth herein.

53. Defendant Officers knew that Plaintiff had been injured after being shoved against the concrete wall, as described above.

54. Defendant was left bleeding from his head and writhing on the concrete floor in obvious pain, all while chained to the floor.

55. Defendant officers can be heard on video and audio recordings joking with one another about licking Plaintiff's blood.

56. Plaintiff was left without medical attention or treatment for an unreasonable and extended period of time, all in violation of his civil rights.

57. Upon driving Plaintiff to the emergency room, Officer Sanders removed Plaintiff, who was still handcuffed, from the back of the patrol vehicle by grabbing Plaintiff's ankles and pulling him out feet first causing Plaintiff to fall to the pavement and land on his already fractured back.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages, for punitive damages and for attorney's fees and the costs of litigation, and for other relief as is appropriate under the law.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys or parties of record in the above action:
( )      By enclosing same in envelopes addressed to each at the address as disclosed in the pleadings of record herein, with first class postage prepaid and by depositing said envelopes in a U.S. Post Office mailbox in Columbia, Missouri
( )      By leaving same at the business office with a clerk, secretary, or another attorney
( )      By transmitting the same by facsimile to him or her at _____ _.m. to facsimile number _____
( )      By handing same to him or her

On this _____ day of _____, 20____.

_____

Respectfully Submitted,

s/s Ron Netemeyer, #49409
Harper, Evans, Wade & Netemeyer
401 Locust Street, Ste. 401
Columbia, MO 65201
(573) 442-1660
(573) 874-8961 - fax
rnetemeyer@hewnlaw.com