UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KENNETH LEE BAKER, | ) |
| | ) |
| Plaintiff. | ) |
| | ) Case No. 2:11-cv-04294-FJG |
| vs. | ) |
| | ) |
| CITY OF COLUMBIA, | ) |
| CITY OF COLUMBIA OFFICERS, | ) |
| BRANDON CRITES, | ) |
| MATTHEW HIBLER, and | ) |
| ROB SANDERS, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS BRANDON CRITES AND MATTHEW HIBLER ANSWER TO THE COMPLAINT AND CROSS CLAIM AGAINST THE CITY OF COLUMBIA**

COMES NOW, BRANDON CRITES AND MATTHEW HIBLER FOR THEIR SEPARATE ANSWER TO THE COMPLAINT, AND FOR THEIR CROSS CLAIM AGAINST THE CITY OF COLUMBIA, MO, BY AND THROUGH THEIR COUNSEL, STATE AND ALLEGE AS FOLLOWS:

Unless specifically admitted, denied or otherwise pleaded below, deny all allegations contained in the complaint.

1. Upon information and belief admit allegations contained in paragraph1of the complaint.

2. Upon information and belief admit allegations contained in paragraph 2 of the complaint.

3. Upon information and belief admit that pepper spray or mace was used on plaintiff: These

Page 1 of 10

answering defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 3 of the complaint and they are therefore denied.

4. Admit plaintiff was transported to the Columbia Police Department.

5. Admit allegations contained in paragraph 5 of the complaint.

6. These answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the complaint and they are therefore denied.

7. These answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the complaint and they are therefore denied.

8. Admit allegations contained in paragraph 8 of the complaint.

9. Deny allegations contained in paragraph 9 of the complaint.

10. Deny allegations contained in paragraph 10 of the complain;, specifically allege that if plaintiff has suffered any injury or harm as a result of events in the holding cell such was caused by his own behavior and such injury and harm was caused by his voluntary and deliberate conduct and assumption of the risk of injury, not by any act or omission of these answering defendants.

11. Deny allegations contained in paragraph 10 of the complaint.

12. Deny allegations contained in paragraph 11 of the complaint.

13. Deny allegations contained in paragraph 13 of the complaint; specifically allege that if plaintiff has suffered any injury or harm as a result of his unlawful conduct and the events

of his arrest and control techniques required by his conduct in the holding cell such was caused by his own behavior and assumption of the risk of injury. Specifically allege that such injury and harm was caused by his voluntary and deliberate conduct in resisting the initial arrest and failure to comply with lawful orders at the holding cell and not by any act or omission of these answering defendants.

14. Deny allegations contained in paragraph 14 of the complaint; specifically allege that plaintiff was lawfully arrested and engaged in forceful resistance that required the officers to respond in an appropriate manner in order to prevent harm, injury or property damages to all concerned.

15. Deny allegations contained in paragraph 15 of the complaint.

16. Admit allegations contained in paragraph 16 of the complaint.

17. Admit allegations contained in paragraph 17 of the complaint.

18. Admit that defendant Robert Sanders had physical contact with plaintiff in the holding cell as alleged in paragraph 18 of the complaint; specifically allege that all defendants acted in an appropriate and reasonable manner in response to the resistance and aggression of plaintiff.

## JURISDICTION AND VENUE

19. Admit that plaintiff seeks to invoke the jurisdiction of this Court as alleged in paragraph 19 of the complaint; specifically allege that the complaint fails to state a claim upon which relief may be granted.

20. Admit allegations contained in paragraph 20 of the complaint; specifically allege that the complaint fails to state a claim upon which relief may be granted in either state of federal

court.

21. Admit allegations contained in paragraph 21 of the complaint.

## PARTIES

22. Upon information and belief admit allegations contained in paragraph 22 of the complaint.

23. Admit allegations contained in paragraph 23 of the complaint.

24. Admit allegations contained in paragraph 24 of the complaint.

25. Admit that at all times material to this complaint defendant Brandon Crites was a police officer employed by the City of Columbia and was acting within the course and scope of his employment, in a manner in which he was trained, within the bounds of established policy and procedures of the City of Columbia, within the bounds of law and in good faith. Deny that reaming allegations contained in paragraph 25 of the complaint state a claim upon which relief may be granted and allege this answering defendant is protected by qualified immunity.

26. Admit that at all times material to this complaint defendant Matthew Hibler was a police officer employed by the City of Columbia and was acting within the course and scope of his employment, in a manner in which he was trained, within the bounds of established policy and procedures of the City of Columbia, within the bounds of law and in good faith. Deny that reaming allegations contained in paragraph 26 of the complaint state a claim upon which relief may be granted and allege this answering defendant is protected by qualified immunity.

27. Allegations contained in paragraph 27 do not require responsive pleadings from these answering defendants and they are denied.

## COUNT 1

28. In response to allegations contained in paragraph 28 of the complaint reallege all allegations in paragraphs 1 through 27 above.

29. Deny allegations contained in paragraph 29 of the complaint.

30. Deny allegations contained in paragraph 30 of the complaint.

31. Deny allegations contained in paragraph 31 of the complaint.

32. Deny allegations contained in paragraph 32 of the complaint.

33. Deny allegations contained in paragraph 33 of the complaint.

34. Deny allegations contained in paragraph 34 of the complaint.

35. Deny allegations contained in paragraph 35 of the complaint; specifically allege that plaintiff is barred by law from recovering punitive damages of any kind.

36. Deny allegations contained in paragraph 36 of the complaint.

## COUNT II

37. In response to allegations contained in paragraph 37 of the complaint reallege allegations contained in paragraphs 1 through 36 above.

38. Deny allegations contained in paragraph 38 of the complaint.

39. Deny allegations contained in paragraph 39 of the complaint.

40. Deny allegations contained in paragraph 40 of the complaint.

41. Deny allegations contained in paragraph 41 of the complaint.

42. Deny allegations contained in paragraph 42 of the complaint.

43. Deny allegations contained in paragraph 43 of the complaint.

44. Deny allegations contained in paragraph 44 of the complaint.

45. Deny allegations contained in paragraph 45 of the complaint.

46. Deny allegations contained in paragraph 46 of the complaint.

47. Deny allegations contained in paragraph 47 of the complaint.

## COUNT III

48. In response to allegations contained in paragraph 48 of the complaint reallege allegations contained in paragraphs 1 through 47 above.

49. Deny allegations contained in paragraph 49 of the complaint.

50. Deny allegations contained in paragraph 50 of the complaint.

51. Deny allegations contained in paragraph 51 of the complaint.

## COUNT IV

52. In response to allegations contained in paragraph 52 of the complaint reallege allegations contained in paragraphs 1 through 51 above.

53. Deny allegations contained in paragraph 53 of the complaint.

54. Deny allegations contained in paragraph 54 of the complaint.

55. Deny allegations contained in paragraph 55 of the complaint.

56. Deny allegations contained in paragraph 56 of the complaint.

57. Deny allegations contained in paragraph 57 of the complaint.

    Deny allegations in all unnumbered paragraphs in the complaint.

## AFFIRMATIVE DEFENSES

58. At all times material to this litigation plaintiff was given full advance disclosure of the event of the arrest, each step to be taken to control him, and was asked for his voluntary cooperation and compliance. Plaintiff refused to cooperate, or comply with lawful and

proper orders and physically and violently resisted all efforts of the Columbia Police Officers to perform their duties and obligations and thereby plaintiff voluntarily assumed the risk of all harm, injuries and other damages he claims to have sustained. These answering defendants were obligated by the duties of their office to apply that amount of force required to take and maintain control of plaintiff by privileged use of force.

59. Allege that if Plaintiff has suffered any harm, injury or damage, such was caused by Plaintiff's own conduct or the conduct of others who are not named in this lawsuit and over whom these answering defendants had not control.

60. Plaintiff's complaint fails to state a claim upon which relief may be granted.

61. Allege that at all times material to the events forming the basis for plaintiff's complaint, these defendants were exercising discretionary and mandated duties with the meaning of Missouri law and they are immune from liability.

62. Allege that at all times material herein these answering defendants were acting within the course and scope of governmental duties and obligations, within the bounds of established and accepted Columbia Police Department policies, procedures and practices, and with a reasonable belief that their conduct was lawful and proper, without bias or prejudice and were performed in good faith.

63. Allege that these answering defendants are entitled to qualified immunity pursuant to Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982) and its progeny.

64. Allege that this action is being maintained and pressed in bad faith and for purposes of harassing Defendants and for profit and gain all to the great damages and expense to these answering defendants.

Page 7 of 10

Case 2:11-cv-04294-FJG   Document 5   Filed 11/30/11   Page 7 of 10

65. Allege that these defendants are entitled to be awarded all costs of defense including attorneys fees and expenses under 42 U.S.C. §1988.

**WHEREFORE** these answering defendants pray for an order of this Court as follows:

1. Ordering and declaring that plaintiff's complaint against these answering defendants be dismissed on its merits and with prejudice and without the award of costs or expenses to plaintiff.

2. Ordering and declaring that these answering defendants be awarded judgment against plaintiff for all costs of defense including attorneys fees and expenses.

3. For such other and further relief as this court deems just and equitable.

### CROSS CLAIM AGAINST THE CITY OF COLUMBIA

Defendants Brandon Crites and Matthew Hibler for their cross claim against the City of Columbia state and allege as follows:

1. At all times material to the allegations contained in the plaintiff's complaint these answering and crossclaiming defendants were employed by the City of Columbia and were acting within the course and scope of their employment.

2. At all times material to the allegations contained in the plaintiff's complaint these answering and crossclaiming defendants were acting in a manner that they were trained to act under the circumstances presented by the plaintiff under pain of threatened employment discipline if they failed to do so.

3. At all times material to the allegations contained in the plaintiff's complaint these answering and crossclaiming defendants were engaged in legitimate law enforcement activities, exercising reasonable and minimal enforcement measures against plaintiff that were in accordance

with their training, and within the parameters of official City of Columbia Police Department policies and procedures existing at that time, within the bounds of law as they understood them to be and in good faith.

4. At all times material to the allegations contained in the plaintiff's complaint these answering and crossclaiming defendants were entitled to the protections of the employer City of Columbia including a right to a full defense and full indemnification against damage claims asserted and sought by Plaintiff which has been denied to them.

5. The defendant City of Columbia refused to accept the tender of their defense with a full and complete indemnification that has been twice submitted by these answering defendants forcing them to retain counsel to protect themselves for which they are entitled to full and complete reimbursement of fees and expenses thereby incurred.

**WHEREFORE**, these answering and crossclaiming defendants pray for an order of this court as follows:

1. That should plaintiff take anything by way of his complaint, then in that event awarding Brandon Crites and Matthew Hibler judgment against the City of Columbia in full indemnification of any award(s) against them and in favor of plaintiff.

2. Awarding Brandon Crites and Matthew Hibler individually judgment against the City of Columbia in full reimbursement for all costs of defense against the plaintiff's claims and for being required to maintain this action including attorneys fees and expenses.

3. For such other and further relief as this court deems just, equitable and proper.

Respectfully Submitted,

| ___/s/Joseph B. Marshall_____ | ___/s/Gaylin Rich Carver_____ |
|---|---|
| Joseph B. Marshall | Gaylin Rich Carver #51131 |
| Atty Reg # Arkansas 2005108 | Carver and Michael |
| Marshall Law Offices | Attorneys at Law |
| 304 Cheyenne Ln | 712 E. Capitol Ave. |
| Clinton, AR 72031 | Jefferson City, MO 65101 |
| | |
| 501-745-6727 | 573-636-4215 |
| FAX 501-6714 | FAX 573-634-3008 |
| jbm@artelco.com | |
| joe.marshall03@gmail.com | gaylin@carvermichael.net |

CERTIFICATE OF SERVICE

I, Joseph B. Marshall, hereby certify that a copy of the foregoing instrument was served upon the attorneys or parties of record in the above action by enclosing same in a postage prepaid envelope addressed to each at the address of record on the pleadings herein and depositing the same in an official U. S. Postal repository.

On this 30 day of November, 2011

_____/s/Joseph B. Marshall_____
Joseph B. Marshall

11-24-2011