IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| KENNETH LEE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:11-cv-04294-FJG |
| | ) | |
| CITY OF COLUMBIA, CITY OF | ) | |
| COLUMBIA OFFICERS, BRANDON | ) | |
| CRITES, MATTHEW HIBLER, and | ) | |
| ROB SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CITY OF COLUMBIA, MISSOURI'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant City of Columbia, Missouri ("Defendant Columbia"), by and through its attorneys, Schreimann, Rackers, Francka & Blunt, L.L.C., and for its Answer to Plaintiff's Complaint states to the Court as follows:

1. Defendant Columbia admits the allegations of Paragraph 1.

2. Defendant Columbia admits the allegations of Paragraph 2.

3. Defendant Columbia, at this time, is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies same.

4. In response to the allegations of Paragraph 4, Defendant Columbia admits that in the course of the arrest, Plaintiff was transported by patrol car to the Columbia Police Department. Defendant Columbia denies the remaining allegations of Paragraph 4.

5. Defendant Columbia admits the allegations of Paragraph 5.

6. Defendant Columbia denies the allegations of Paragraph 6.

7. Defendant Columbia, at this time, is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies same.

8. Defendant Columbia, at this time, is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies same.

9. Defendant Columbia denies the allegations of Paragraph 9.

10. Defendant Columbia denies the allegations of Paragraph 10.

11. Defendant Columbia denies the allegations of Paragraph 11.

12. Defendant Columbia denies the allegations of Paragraph 12.

13. Defendant Columbia denies the allegations of Paragraph 13.

14. Defendant Columbia denies the allegations of Paragraph 14.

15. Defendant Columbia denies the allegations of Paragraph 15.

16. Defendant Columbia admits the allegations of Paragraph 16.

17. In response to the allegations of Paragraph 17, Defendant Columbia admits that at all times relevant hereto, Defendant, Defendant Crites, and Defendant Hibler were on duty, and denies the remaining allegations of Paragraph 17.

18. In response to the allegations of Paragraph 18, Defendant Columbia admits that Officer Sanders and Plaintiff had contact in the holding cell, and denies the remaining allegations of Paragraph 18.

19. Paragraph 19 alleges a legal conclusion and is therefore denied.

20. Paragraph 20 alleges a legal conclusion and is therefore denied.

21. Paragraph 21 alleges a legal conclusion and is therefore denied.

22. Defendant Columbia admits the allegations of Paragraph 22.

23. In response to the allegations of Paragraph 23, Defendant Columbia admits that at the time of the incident alleged, Defendant Columbia's officers were employed by Defendant Columbia, and denies the remaining allegations of Paragraph 23.

24. In response to the allegations of Paragraph 24, Defendant Columbia admits that it is a municipal corporation organized and existing pursuant to Missouri law in Boone County, Missouri, which is in the Western District of Missouri. The remaining allegations of Paragraph 24 allege a legal conclusion and are therefore denied.

25. Paragraph 25 alleges a legal conclusion and is therefore denied.

26. Paragraph 26 alleges a legal conclusion and is therefore denied.

27. Paragraph 27 alleges a legal conclusion and is therefore denied.

## COUNT I

Defendant Columbia does not respond to the allegations of Count I of Plaintiff's Complaint inasmuch as Count I is not directed against it. However, to the extent a response to the allegations of Count I is necessary by Defendant Columbia, Defendant Columbia answers as follows:

28. In response to Paragraph 28, Defendant Columbia hereby incorporates herein by reference its answers to the allegations of Paragraphs 1 through 27 of Plaintiffs' Complaint as though fully set forth herein.

29. Defendant Columbia denies the allegations of Paragraph 29.

30. Defendant Columbia denies the allegations of Paragraph 30.

31. Defendant Columbia denies the allegations of Paragraph 31.

32. Defendant Columbia denies the allegations of Paragraph 32.

33. Defendant Columbia denies the allegations of Paragraph 33.

34. Defendant Columbia denies the allegations of Paragraph 34.

35. Defendant Columbia denies the allegations of Paragraph 35.

36. Defendant Columbia denies the allegations of Paragraph 36.

WHEREFORE, having answered the allegations of Count I of Plaintiff's Complaint, Defendant Columbia prays that the same be dismissed, allowing it to go hence with its costs herein, and for such further relief as the Court deems just and proper in the premises.

## **COUNT II**

37. In response to Paragraph 37, Defendant Columbia hereby incorporates herein by reference its answers to the allegations of Paragraphs 1 through 36 of Plaintiffs' Complaint as though fully set forth herein.

38. Defendant Columbia denies the allegations of Paragraph 38.

39. Defendant Columbia denies the allegations of Paragraph 39.

40. Defendant Columbia denies the allegations of Paragraph 40.

41. Defendant Columbia denies the allegations of Paragraph 41.

42. Defendant Columbia denies the allegations of Paragraph 42.

43. Defendant Columbia denies the allegations of Paragraph 43.

44. Defendant Columbia denies the allegations of Paragraph 44.

45. Defendant Columbia denies the allegations of Paragraph 45.

46. Defendant Columbia denies the allegations of Paragraph 46.

47. Defendant Columbia denies the allegations of Paragraph 47.

WHEREFORE, having answered the allegations of Count II of Plaintiff's Complaint, Defendant Columbia prays that the same be dismissed, allowing it to go hence with its costs herein, and for such further relief as the Court deems just and proper in the premises.

## **COUNT III**

Defendant Columbia does not respond to the allegations of Count III of Plaintiff's Complaint inasmuch as Count III is not directed against it. However, to the extent a response to the allegations of Count III is necessary by Defendant Columbia, Defendant Columbia answers as follows:

48. In response to Paragraph 48, Defendant Columbia hereby incorporates herein by reference its answers to the allegations of Paragraphs 1 through 47 of Plaintiffs' Complaint as though fully set forth herein.

49. Defendant Columbia denies the allegations of Paragraph 49.

50. Defendant Columbia denies the allegations of Paragraph 50.

51. Defendant Columbia denies the allegations of Paragraph 51.

WHEREFORE, having answered the allegations of Count III of Plaintiff's Complaint, Defendant Columbia prays that the same be dismissed, allowing it to go

hence with its costs herein, and for such further relief as the Court deems just and proper in the premises.

## COUNT IV

Defendant Columbia does not respond to the allegations of Count IV of Plaintiff's Complaint inasmuch as Count IV is not directed against it. However, to the extent a response to the allegations of Count IV is necessary by Defendant Columbia, Defendant Columbia answers as follows:

52. In response to Paragraph 52, Defendant Columbia hereby incorporates herein by reference its answers to the allegations of Paragraphs 1 through 51 of Plaintiffs' Complaint as though fully set forth herein.

53. Defendant Columbia denies the allegations of Paragraph 53.

54. Defendant Columbia denies the allegations of Paragraph 54.

55. Defendant Columbia denies the allegations of Paragraph 55.

56. Defendant Columbia denies the allegations of Paragraph 56.

57. Defendant Columbia denies the allegations of Paragraph 57.

WHEREFORE, having answered the allegations of Count IV of Plaintiff's Complaint, Defendant Columbia prays that the same be dismissed, allowing it to go hence with its costs herein, and for such further relief as the Court deems just and proper in the premises.

## GENERAL DENIAL

Defendant Columbia denies all allegations of Plaintiff's Complaint not expressly admitted herein.

# AFFIRMATIVE DEFENSES

COMES NOW Defendant Columbia, by and through its attorneys, and for its Affirmative Defenses Applicable to all counts of Plaintiff's Complaint states to the Court as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted or a Judgment sustained.

2. Any injuries Plaintiff allegedly sustained as a result of the conduct alleged in Plaintiff's Complaint (which Defendant Columbia denies) were de minimis and do not implicate the deprivation of a constitutional right and are insufficient to support the claims set forth in Plaintiff's Complaint.

3. Plaintiff was guilty of intentional conduct or negligence which caused or contributed to cause the events alleged in Plaintiff's Complaint, including any alleged injury resulting to Plaintiff, in that Plaintiff: a) violently or aggressively resisted arrest; b) failed to appropriately respond to and/or obey verbal directives of law enforcement officers; and c) assumed the risk of injury when he knowingly engaged in conduct described herein above.

4. All pendant state law claims alleged, if any, are barred for the reason that Defendant Columbia is entitled to official immunity.

5. Defendant Columbia requests the trier of fact to determine the percentage of fault of all parties, including, but not limited to, Plaintiff.

6. Plaintiff is estopped from asserting the claims set forth in his Complaint by the illegality of his conduct and actions.

7. Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, the limitations period prescribed by Section 516.140, RSMo.

8. Plaintiff is not entitled to an award of punitive damages against Defendant Columbia, pursuant to the 11th Amendment of the United States Constitution, the Missouri Sovereign Immunity Statute, Section 537.600, RSMo., et seq. (including, but not limited to Section 537.610, RSMo.), and 42 U.S.C. § 1983.

9. Plaintiff's claims are barred to the extent that they seek money damages under 42 U.S.C. Section 1983 against Defendant Columbia upon the theory of respondent superior.

10. Plaintiff has failed to exhaust all available administrative remedies before bringing this action.

11. Any conduct of Defendant Columbia was reasonable in that Plaintiff was actively resisting arrest and/or attempting to evade by flight.

12. Defendant Columbia denies that punitive damages are submissible or appropriate, but further state that any award of punitive damages shall be limited by Section 510.265.1, RSMo.

13. To the extent Plaintiff seeks punitive damages against Defendant Columbia, Defendant Columbia states: the substantive and procedural laws of the State of Missouri concerning the assessment and imposition of punitive damages are violative of the Fourteenth Amendment to the United States Constitution, in that unlimited jury and/or judicial discretion in the fixing of punitive damages invites extreme results which are

unacceptable under the due process clause of the Fourteenth Amendment of the United States Constitution. Under Missouri law, no reasonable constraints on the exercise of the jury's discretion in awarding punitive damages are furnished by jury instructions (or otherwise), in that the jury is not directed to consider relative factors in quantifying the amount of punitive damages that may be awarded. The absence of directives to the jury to consider relative factors allows impermissible and unconstitutional vagueness and ambiguity in the jury instruction, deliberation and verdict. This vagueness and ambiguity in turn threaten to deprive this defendant of its property without due process of law.

14. To the extent Plaintiff seeks recovery of punitive damages, the imposition of such punitive damages under the facts of this case would be violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and in violation of Sections 2, 10, 15, 21 and 22(a) of Article I of the Constitution of the State of Missouri. Specifically, Defendant Columbia states that the substantive laws of the State of Missouri concerning the assessment and imposition of punitive damages are unconstitutionally vague and arbitrary; that punitive damages alleged in this case are excessive punishment; and that punitive damages are impermissible under the Fourteenth Amendment to the United States Constitution in that they constitute a fundamental denial of due process of law.

15. To the extent the Plaintiff seeks recovery of punitive damages, the request for imposition of punitive damages against this defendant is highly penal in nature, therefore triggering the protection of the aforesaid sections of the United States Constitution and the Constitution of the State of Missouri. Accordingly, the evidentiary

9

burden of proof that Plaintiff must satisfy and fulfill as a condition precedent to the award of punitive damages should be that of "proof beyond a reasonable doubt."

16. Plaintiff's claims are barred by the doctrine of sovereign immunity.

17. Plaintiff's claims are barred by the public duty doctrine.

18. Plaintiff has failed to mitigate any alleged damages.

19. The claims alleged by Plaintiff are barred by settlement.

WHEREFORE, having answered the allegations of Plaintiff's Complaint, Defendant Columbia prays for this Court's Order dismissing Plaintiff's Complaint, for his costs and fees incurred herein and for such further relief as the Court deems just and proper in the premises.

Respectfully Submitted,

SCHREIMANN, RACKERS,
FRANCKA AND BLUNT, L.L.C.

/s/Chris Rackers
Christopher P. Rackers, #41894
2316 St. Mary's Boulevard
Suite 130
Jefferson City, MO 65109
573/634-7580
573/635-6034 (facsimile)
cpr@srfblaw.com

Attorneys for Defendant City of Columbia

## CERTIFICATE OF SERVICE

  I hereby certify that on December 8, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and via regular U.S. Mail upon the following: Ron Netemeyer, 401 Locust Street, Suite 401, Columbia, MO 65201, attorney for Plaintiff, Gaylin Rich Carver, 712 East Capitol, Jefferson City, MO 65101, attorney for Defendants Crites and Hibler, and Joseph Marshall, 304 Cheyenne Lane, Clinton, AR 72031, attorney for Defendants Crites and Hibler.

                   /s/ Chris Rackers