IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KENNETH LEE BAKER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-4294-CV-C-FJG |
| ) | |
| CITY OF COLUMBIA, CITY OF ) | |
| COLUMBIA OFFICERS, BRANDON ) | |
| CRITES, MATTHEW HIBLER, and ) | |
| ROB SANDERS, ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff's Motion to Dismiss, With Prejudice (Doc. No. 14). Defendants Crites and Hibler oppose this motion.

**I. Background**

Plaintiff's Complaint was filed on November 3, 2011 (Doc. No. 1). Plaintiff, who had been arrested and detained, alleged defendants used excessive force in their treatment of him and failed to provide medical services in violation of the United States Constitution, pursuant to 42 U.S.C. § 1983. Plaintiff also asserted state law claims for assault and battery against defendant Sanders.

Defendants Crites and Hibler apparently retained an attorney shortly after the complaint was filed. Their attorney, Joseph Marshall, indicates that he tendered plaintiff's complaint to the City of Columbia for defense on or about November 18, 2011. Thereafter, the City of Columbia's Risk Manager, Sarah Perry, responded via email to Mr. Marshall's tender, indicating that the City would retain an attorney of the City's choosing and the retained attorney would contact Mr. Marshall. Ms. Perry's email further indicates that "in undertaking the defense, Columbia reserves any and all rights to investigate the alleged loss and make a determination as to whether Mr. Crites and Mr. Hibler are entitled to indemnity from Columbia." Doc. No. 17, Ex. A. Shortly thereafter, on November 21, 2011, Mr. Marshall sent a "Second Tender of Defense and Indemnification" to the City of

Columbia, indicating that a conflict of interest exists between his clients and the City, and demanding that the City provide the defense and indemnification of his clients without any reservation of rights of any kind. See Doc. No. 17, Ex. B.

Counsel for the City of Columbia indicate they attempted to follow-up with Mr. Marshall and inform him that the City is bound by the coverage positions taken by their insurer, Travelers Insurance Company, and Travelers had not yet made a coverage determination; letters dated November 30, 2011 and sent to Mr. Marshall include this information. See Doc. No. 18, p. 8; Doc. No. 17, Exs. D and E.

On November 30, 2011, however, defendants Crites and Hibler filed an answer to plaintiff's complaint and cross-claim against the City of Columbia, making a claim for indemnification and requesting "full indemnification of any award(s) against them and in favor of plaintiff," and "full reimbursement for all costs of defense against the plaintiff's claims and for being required to maintain this action including attorneys fees and expenses." Doc. No.5, p. 9.

On December 1, 2011, Travelers determined that it would not be issuing a reservation of rights letter. Doc. No. 18, Ex. D. On December 2, 2011, defendant City of Columbia's counsel wrote Mr. Marshall and informed him that the City of Columbia had reached a settlement, and the claims against his clients Crites and Hibler would be dismissed. Doc. No. 18, Ex. E. On December 16, 2011, plaintiff signed a release of all claims against the City of Columbia, Missouri as well as Robert Sanders, Brandon Crites, and Matthew Hibler, in exchange for $250,000. See Doc. No. 18, Ex. A. The release contains the following language: "It is understood that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released . . . ." Doc. No. 18, p. 2.

On December 19, 2011, plaintiff filed the pending motion to dismiss (Doc. No. 14), stating in full, "COMES NOW Plaintiff, by and through his attorneys, and pursuant to Rule

41, Fed.R.Civ.P., hereby moves the Court to dismiss his Complaint against Defendants, with prejudice, with each party to bear its own costs."

On January 5, 2012, defendants Crites and Hibler filed suggestions in opposition to plaintiff's motion to dismiss (Doc. No. 17). In their opposition, defendants request that the Court deny plaintiff's motion to dismiss, or impose certain conditions prior to dismissal. Defendants' arguments include: (1) the settlement of this matter without the participation of defendants Crites and Hibler prejudices them because it denies them the right to defend on the merits before the Court or a jury; (2) the Columbia Chief of Police has stated that there may be a criminal prosecution of these defendants, and the "proposed settlement will have the functional, literal and practical effect of leaving the allegations wholly un-rebutted with the attending false-odor of truth; (3) the City has "refused to provide these officers with a full defense and indemnification," and as a condition of dismissal they are entitled to preserve their right to continue the cross-claims against the City of Columbia; (4) the incorrect assertion that plaintiff has refused to dismiss defendants Crites and Hibler with prejudice; and (5) as "employees and as citizens of the City of Columbia, these Defendants object to the settlement as proposed wherein a payment of $250,000 in public funds is made to Plaintiff without proof of liability or damages. Such a payment would be a gross injustice to these Defendants, all Columbia police employee-police officers and to the people of the City of Columbia,[sic]." Doc. No. 17, p. 6.

Defendants Crites and Hibler suggest the following conditions for dismissal: (1) "That this Court impose a condition that these officer [sic] be dismissed on the merits and with prejudice in advance of any approval[1] of settlement between the City of Columbia and Plaintiff"; (2) "That the cross-claim against the City of Columbia be allowed to continue", or (3) "That the Court order and direct that the City of Columbia reimburse these defendants

---

[1]As far as the Court is aware, there is no need for the Court to "approve" the settlement. The only question before the Court is whether to allow plaintiff to dismiss his complaint with prejudice.

for the costs of being required to retain counsel of their choice to defend their position under the Complaint to include reasonable attorneys' fees, costs, expenses and other disbursements"; or (4) "That these Defendants be allowed to petition the Court for reimbursement of costs and expenses incurred to retain counsel of their choice to defend their position under the Complaint, payable either by the City of Columbia or the Plaintiff, or by a combination or contribution from both." Doc. No. 17, pp. 6-7.

Defendant City of Columbia filed reply suggestions in support of plaintiff's motion to dismiss case with prejudice on January 23, 2012 (Doc. No. 18). Defendant City of Columbia replies (1) settlement will not prejudice defendants Crites and Hibler because the dismissal sought by plaintiff is <u>with prejudice</u>, and the claims against them have been released; (2) concerns that the allegations in the lawsuit will be un-rebutted are without merit, as the release signed by plaintiff indicates that the releasees deny liability and the fact that payment was made is not to be construed as an admission of liability (<u>see</u> Release, Doc. No. 18, Ex. A, p. 2); and (3) defendants Crites and Hibler's cross-claim does not affect dismissal of plaintiff's complaint, as the complaint can be dismissed separately from the cross-claim. Defendant City of Columbia further replies that, to the extent defendants' Hibler and Crites are arguing the merits of their cross-claim against the City of Columbia, the City has numerous defenses to such cross-claim[2] and Crites and Hibler should not be awarded their attorneys fees at this time.

**II. Analysis**

Rule 41(a)(2) provides that in certain circumstances, "an action may be dismissed at plaintiff's request only by court order, on terms that the court considers proper." Further, Rule 41(a)(2) provides that a voluntary dismissal under this rule is without prejudice, unless the Court states otherwise. Here, plaintiff has requested dismissal with prejudice.

---

[2]In particular, defendant City of Columbia argues that defendants Crites and Hibler (through their counsel) acted unreasonably in waiving service of the complaint, filing an answer and cross-claim rapidly, and rejecting the defense offered by defendant City of Columbia less than a month after the filing of the lawsuit.

The following factors are to be considered in deciding a Rule 41(a)(2) motion: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987). Other types of prejudice that might support denial of a motion for voluntary dismissal include: "(1) emotional and psychological trauma associated with the experience of defending another lawsuit, (2) the prejudice resulting from uncertainty over title to land, and (3) the absence of a justification for the proposed dismissal." Id.

Upon consideration of defendants' Crites and Hibler's objections to plaintiff's motion to dismiss, the Court finds no merit to their concerns. Defendants Crites and Hibler have not demonstrated that any of the factors considered by the Eighth Circuit in Rule 41(a)(2) dismissals apply in this case. A dismissal with prejudice operates as a decision on the merits, and that is what plaintiff seeks here. Defendants Crites and Hibler will not be prejudiced by such a dismissal, as they have made no admission of liability and plaintiff has already released all claims he may have against them. Furthermore, the dismissal with prejudice of plaintiff's complaint does not operate as a dismissal with prejudice of defendants' cross-claims. Additionally, defendants Crites and Hibler have no standing to object to the amount paid in settlement by the City of Columbia. Therefore, plaintiff's motion to dismiss (Doc. No. 14) will be **GRANTED**, and all claims in plaintiff's complaint are **DISMISSED WITH PREJUDICE.** The Court will not impose any conditions on this dismissal.

The only claim remaining in this case is Crites and Hibler's cross-claim against the City of Columbia for indemnification/attorneys fees. The Court only has supplemental jurisdiction over this claim; cross-claimants have not pled a federal question, nor could there be diversity jurisdiction over their action. In Lindsey v. Dillard's Inc., 306 F.3d 596, 598-99 (8th Cir. 2002), the court stated: "Under 28 U.S.C. § 1367, a district court may

decline jurisdiction over supplemental claims if it 'has dismissed all claims over which it has original jurisdiction.'" See 28 U.S.C. § 1367(c)(3). "Federal courts are encouraged to 'exercise judicial restraint and avoid state law issues wherever possible.'" Wojcik v. Courtesy Auto Sales, Inc., No. 8:01CV506, 2002 WL 31663298, *10 (D.Neb. Nov. 25, 2002) (citing Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990)). Therefore, because the only remaining claims are state law claims, the Court hereby declines to assert supplemental jurisdiction over the remaining claims and therefore will **DISMISS** Crites and Hibler's cross-claim (Doc. No. 5) **WITHOUT PREJUDICE** to such claim being brought in state court.

### III. Conclusion

Accordingly, for the foregoing reasons:

(1) Plaintiff's Motion to Dismiss (Doc. No. 14) is **GRANTED**, and plaintiff's complaint is **DISMISSED WITH PREJUDICE**;

(2) Defendants Crites and Hibler's Cross-Claim (Doc. No. 5) is **DISMISSED WITHOUT PREJUDICE** to it being raised in state court; and

(3) Defendant Rob Sanders' Motion for Extension of Time to File Responsive Pleadings (Doc. No. 16) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Date: 1/25/2012  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge

6

Case 2:11-cv-04294-FJG   Document 19   Filed 01/25/12   Page 6 of 6